IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　Plaintiff,<br><br>vs.<br><br>ARTHUR HATATHLE,<br><br>　　Defendant. | MEMORANDUM DECISION AND ORDER GRANTING GOVERNMENT'S MOTION TO QUASH SUBPOENAS<br><br><br>Case No. 2:07-CR-814 TS |

　　The government moves to quash three subpoenas issued by Defendant's counsel on the grounds that they fail to comply with Fed. R. Crim. P. 17(a), exceed the scope of a subpoena duces tecum available under Fed. R. Crim. P. 17(c), fail to comply with the service requirements under Fed. R. Crim. P. 17(d), and seek discovery without compliance with DUCrimR 16-1.  Copies of the subpoenas are attached to the government's Motion.  In accordance with the protections afforded by Fed. R. Crim. P. 49.1(a)(3), the Court directed the clerk of court to seal the attachments.

　　Defendant acknowledges that the subpoenas do not comply with Fed. R. Crim. P. 17(a) and (d).  Tacitly admitting that the subpoenas exceed the scope of Fed. R. Crim. P.

17(c), Defendant requests that the subpoenas nonetheless be reissued because they were previously authorized.

In *United States v. Abdush-Shakur*,[1] the Tenth Circuit explained the showing that must be made under Fed. R. Civ. P. 17(c) to support a request for production prior to the trial or hearing:

> Rule 17(c) provides that "[a] subpoena may also command the person to whom it is directed to produce the books, papers, documents or other objects designated therein." Rule 17(c) is "not intended to provide an additional means of discovery," but "to expedite the trial by providing a time and place before trial for the inspection of the subpoenaed materials." A party seeking a subpoena duces tecum under Rule 17(c) must establish:
>
>> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general "fishing expedition."[2]

Defendant, as the party requesting production before the trial or a hearing has the burden of showing good cause for production prior to the trial or hearing.[3] "In order to meet

---

[1] 465 F.3d 458 (10th Cir. 2006).

[2] *Id*. at 467 (quoting *Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951) and *United States v. Nixon*, 418 U.S. 683, 699-700 (1974)).

[3] *United States v. Beckford*, 964 F.Supp. 1010, 1022 (E.D. Va.) (quoting 2 Wright, Federal Practice and Procedure: Criminal 2d § 274, at 155)).

this burden, [Defendant] 'must clear three hurdles: (1) relevancy; (2) admissibility; [and] (3) specificity.'"[4]

In the present case, Defendant has not made a showing on the required *Nixon* factors and, therefore, does not clear the hurdles of relevancy, admissibility and specificity as required under Fed. R. Crim. P. 17(c). Further, issuance of the subpoenas failed to comply with Fed. R. Crim. P. 17(a) and (d). It is therefore

ORDERED that the Government's Motion to Quash Subpoenas (Docket No. 46) is GRANTED.

DATED   July 1, 2008.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[4] *United States v. Morris*, 287 F.3d 985, 991 (10th Cir. 2002) (quoting *Nixon*, 418 U.S. at 700).

3